## Dobson v. Rosini (No. 2)

*Andrew M. Pipa, Jr.,* for plaintiff.

*Myron M. Moskowitz,* for defendant.

FORTNEY, P. J., October 20, 1958.—Plaintiff brought an action in assumpsit against defendant to recover the sum of $383.67. Defendant filed his answer and the matter was referred to arbitration. The board of arbitrators awarded plaintiff the amount of his claim, and defendant appealed this decision to the court of common pleas. The matter is presently before us on plaintiff's petition to strike the appeal.

The Act of June 16, 1836, P. L. 715, as amended, 5 PS §71, provides either party may appeal from an award of arbitrators to the court in which the cause was pending. The relevant part of the act states: "The party appellant, his agent, or attorney, shall make oath or affirmation, that 'it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done'." Similar provisions are contained in our local rules of court in relation to appeals from an award of arbitrators.

Defendant in the instant case, within the time prescribed by the act, executed and filed notice of his appeal. On this notice the notary public certifies as follows: "I, William O. Anderson, knowing the signature of Ralph Rosini (the defendant) and that the above is the signature of Ralph Rosini, which he verified to me by telephone that he did subscribe his name above". There follows the signature of the notary public, his address, the date of the expiration of his commission and his notarial seal. Plaintiff contends that because the notice of appeal does not disclose that defendant personally appeared before the notary public, the appeal is invalid, illegal and not in compliance with the law and, hence, must be stricken.

The record discloses that at the time defendant filed his notice of appeal he paid the sum of $116.90 into

the office of the prothonotary in compliance with the amended Arbitration Act of January 14, 1952, P. L. 2087, sec. 4, 5 PS §71, Pocket Parts, which requires that: ". . . any party appealing shall first repay to the county the fees of the members of the board of arbitration herein provided for". In addition, in compliance with our local rules of court, defendant filed a surety bond for costs likely to accrue and immediately ordered the case for trial on the next civil trial list.

The question here for determination is not new. This court, in Latsha v. Lahr, 27 Northumb. 156, citing authorities, held where there is merely some defect in the form or execution of the bond on appeal from an award of arbitrators it is the duty of the court to give appellant reasonable opportunity to perfect the appeal. Such is the instant case. The notice of appeal was filed in time, defendant complied with all the provisions of the act of assembly and local rules of court. It would seem inequitable not to permit defendant to present the issue to a jury. We conclude it is our duty to give defendant an opportunity to perfect the oath on his notice of appeal by personally appearing before a notary public. See Stanley Distributing Co. v. Fetterhoff, 69 Dauph. 60; Casper v. Second National Bank, 44 Luz. 143.

Under the circumstances, we make the following:

### Order

And now, October 20, 1958, it is ordered and directed that the within appeal be allowed nunc pro tunc if perfected by defendant personally appearing before a notary public to take the required oath on the notice of the appeal within 10 days after receipt of notice filing of this opinion; otherwise, the rule is made absolute and the appeal dismissed.

Appropriate exceptions are noted for the parties in interest.